John W. Harris (SBN 66130)
Herbert-John Hayden (SBN 248282)
**HARRIS & ASSOCIATES**
865 South Figueroa Street, Suite 2750
Los Angeles, CA 90017
Tel: (213) 489-9833
Fax: (213) 489-3761
E-mail:  john@jwharrislaw.com
    herbert@jwharrisaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE NICHOLSON, an individual; J.N.G., a minor, by and through his Guardian Ad Litem GERALDINE NICHOLSON; J.H., a minor, by and through his Guardian Ad Litem JOSE FERNANDO HUERTA; and Does 1 through 50, inclusive<br><br>Plaintiffs<br><br>v.<br><br>CITY OF LOS ANGELES; CHIEF CHARLES BECK, individually and in his official capacity as CHIEF OF POLICE of the LOS ANGELES POLICE DEPARTMENT; COMMANDER ANDREW SMITH, individually and in his official capacity as COMMANDER of the LOS ANGELES POLICE DEPARTMENT; OFFICER MIGUEL GUTIERREZ, individually and in his official capacity as a POLICE OFFICER of the LOS ANGELES POLICE DEPARTMENT; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Civil Rights Violations 42 U.S.C. §1983;**<br>2. **Excessive Use of Force 42 U.S.C. § 1983;**<br>3. **Substantive Due Process - 42 U.S.C. § 1983;**<br>4. **Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983;**<br>5. **Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820);**<br>6. **False Arrest/False Imprisonment (Cal. Govt. Code § 815.2);**<br>7. **Assault and Battery (Cal. Govt. Code § 820);**<br>8. **Discrimination Violation of Ralph Civil Rights Act (Cal. Civ. Code §§ 51.7 and 52);**<br>9. **Negligence (Cal. Govt. Code § 820 and California Common Law);**<br>10. **Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW GERALDINE NICHOLSON, an individual; J.N.G., a minor, by and through his

Guardian Ad Litem GERALDINE NICHOLSON; J.H., a minor, by and through his Guardian Ad

Litem JOSE FERNANDO HUERTA allege as follows:

# I.

## INTRODUCTION

1. In this action, the plaintiffs seek compensatory and punitive damages from defendants for violating their various rights under the U.S. Constitution and state law in connection with the defendants' use of excessive force, unreasonable search and seizure and related illegal actions occurring on February 10, 2015.

# II.

## JURISDICTION

2. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §§ 1983 and 1985 and §§ 1331 and 1367(a). Jurisdiction is also vested in this court under the ancillary jurisdiction of the court.

# III.

## VENUE

3. Plaintiffs' claims, alleged herein, arose in the City of Los Angeles, California. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391 (b)(2).

# IV.

## PARTIES

4. At all relevant times herein, Plaintiff GERALDINE NICHOLSON ("NICHOLSON") was an individual residing in the City of Los Angeles, County of Los Angeles, California, and is the biological mother of minor J.N.G. NICHOLSON sues in her individual capacity.

5. At all relevant times herein, Plaintiff J.N.G. was a minor residing in the City of Los Angeles, County of Los Angeles, California, and is the biological son of NICHOLSON. J.N.G. sues in his individual capacity by and through his Guardian Ad Litem, NICHOLSON.

6. At all relevant times herein, Plaintiff J.H. was a minor residing in the City of Los Angeles, County of Los Angeles, California, and is the biological son of JOSE F. HUERTA ("HUERTA"). J.H. sues in his individual capacity by and through his Guardian Ad Litem, HUERTA.

7. At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California; and at all times herein

2
**COMPLAINT FOR DAMAGES**

1  mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe
2  rules, regulations affecting the operation of the Los Angeles Police Department ("L.A.P.D.") and
3  its tactics, methods, practices, customs and usage. At all relevant times, CITY was the employer
4  of DOES 1 through 50 who were CITY police officers, managerial, supervisorial, and
5  policymaking employees of the CITY's police department, L.A.P.D. On information and belief, at
6  all relevant times, Defendants DOES 1 through 50 were residents of the County of Los Angeles,
7  and the City of Los Angeles, California. Defendants DOES 1 through 50 are sued in their
8  individual and official capacity.

9      8. At all relevant times, Defendant Charles Beck ("BECK") was a resident of the County of
10  Los Angeles, California, and was the Chief of Police of the Los Angeles Police Department,
11  employed by the CITY, and acting under the color of law and within the course and scope of his
12  employment with the CITY.

13     9. At all relevant times, Defendant Andrew Smith ("SMITH") was a resident of the County of
14  Los Angeles, California, and was a commander of the Los Angeles Police Department, employed
15  by the CITY, and acting under the color of law and within the course and scope of his employment
16  with the CITY.

17     10. At all relevant times, Defendant Officer Miguel Gutierrez ("GUTIERREZ") was a
18  resident of the County of Los Angeles, and was an officer of L.A.P.D., employed by the CITY,
19  and acting under the color of law and within the course and scope of his employment with the
20  CITY.

21     11. At all relevant times, Defendants GUTIERREZ, BECK, SMITH, and DOES 1 through
22  50, were duly authorized employees and agents of CITY, who were acting under color of law
23  within the course and scope of their respective duties as police officers and with the complete
24  authority and ratification of their principal, Defendant CITY.

25     12. At all relevant times, Defendants GUTIERREZ, BECK, SMITH, and DOES 1 through 50
26  were duly appointed officers and/or employees or agents of CITY, subject to oversight and
27  supervision by CITY's elected and non-elected officials.

28

13. The true names and capacities, whether individual, corporate, association or otherwise of defendants DOES 1 through 50, inclusive, are unknown to plaintiffs who otherwise sues these defendants by such fictitious names. Each defendant is sued individually and/or in his/her official capacity as defined in the present complaint. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. All defendants who are natural persons, and each of them, including DOES 1 through 50, are sued individually and/or in their official capacity as officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, policy makers, and representatives for defendants L.A.P.D. and CITY.

15. Defendants SMITH and BECK were respectively at all relevant times herein the Commander and Chief of the Los Angeles Police Department (hereafter "L.A.P.D."), and they, along with other officials of CITY and DOES 1 to 5, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the L.A.P.D. and/or were supervisors of the defendant-officers.

16. Upon information and belief, at all relevant times, Defendant GUTIEREZ and DOES 6 through 25 were the defendant-officers who initially and unlawfully used excessive force against J.N.G. and J.H. Upon further information and belief, at all relevant times, Defendant GUTIEREZ and DOES 26 through 50 were the defendant-officers who unlawfully arrested, detained and questioned J.N.G. and J.H, whilst they were wrongfully held in custody.

17. In doing the acts and failing and omitting to act as hereinafter described, Defendants GUTIERREZ, BECK, SMITH, and DOES 1 to 50 were acting on the implied and actual permission and consent of CITY.

18. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

**COMPLAINT FOR DAMAGES**

19. On March 13, 2015, Plaintiffs filed comprehensive and timely claims for damages with CITY pursuant to applicable sections of the Los Angeles Municipal Code, the California Government Code and the California Civil Code.

**V.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

20. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 19 above of this Complaint with the same force and effect as if fully set forth herein.

21. At or about 7:45 a.m., on February 10, 2015, Plaintiffs J.N.G. and J.H. and two (2) of their friends, while on their way to Alliance Renee & Meyer Luskin College-Ready Academy, stopped in the alley that runs parallel to West Florence Ave., near the corner of 10th Ave. and West Florence Ave., in the Hyde Park area, to lawfully congregate and listen to rap music.

22. As they were in the process of putting their uniforms on, plain-clothed Los Angeles Police Department detectives suddenly appeared, and without warning or identifying themselves, opened fire on Plaintiffs J.N.G. and J.H. and their friends, shooting at least three (3) rounds of bullets at them. Upon information and belief, these detectives were Defendant GUTIERREZ and DOES 6 through 25.

23. On information and belief, neither J.N.G., nor J.H. nor their two (2) friends had committed any crime. Defendants GUTIERREZ and DOES 6 through 25 who were CITY police officers acting under color of law, had neither reasonable suspicion to detain nor probable cause to arrest J.N.G., J.H. or their two (2) friends.

24. On information and belief, Defendants GUTIERREZ and DOES 6 through 25, while acting in the course and scope of their employment with City, negligently assessed the circumstances presented to them and violently confronted J.N.G., J.H., and their two (2) friends without having probable cause to believe that they had committed a crime, or would commit a crime in the future.

25. Plaintiff J.N.G., who at the time of the shooting had his back toward Defendant GUTIERREZ and DOES 6 through 25, was struck in the back by a 9 millimeter bullet.

26. At no time during the course of these events did J.N.G., J.H., and their two (2) friends pose any reasonable threat of violence to the Defendant police officers, nor did they do anything to justify the use of deadly, excessive, unreasonable and unnecessary force against them, by the defendant police officers.

27. Upon information and belief, despite knowing, or having reason to know that J.N.G., J.H. and their two (2) friends were teenagers on their way to school, the peace officer standards and training called for no use of force whatsoever under these circumstances, and the that use of lethal force under these circumstances is strictly prohibited, Defendants, and each of them, in contravention of all training and due care demanded by the norms of their profession, failed to take steps which should have protected Plaintiffs from the harm inflicted.

28. In further violation of all peace officer standards and training, upon information and belief, Defendants GUTIERREZ and DOES 6 through 25, and each of them, came onto the scene intending to harm Plaintiffs, without warning or justification and without any perceived or real threat to themselves or other members of the community, and in a complete failure to adhere to all policies and training with the L.A.P.D. formally adopted policies and procedures, Defendants, and each of them, illegally, intentionally and/or negligently opened fire with their service weapons at and upon Plaintiff J.N.G., permanently wounding and injuring him as described herein and causing severe emotional distress to him and J.H. Without warning, Defendants chose to use lethal force upon Plaintiffs, by firing multiple gunshots at them while they were defenseless, causing Plaintiff J.N.G. to suffer severe and potentially life threatening injuries.

29. Upon information and belief, these Defendants, and each of them, acted under color of authority with the intent to cause death, and/or severe injuries which foreseeably resulted from their opening of fire on Plaintiffs.

30. After shooting at Plaintiffs J.N.G. and J.H. and their friends, Defendant GUTIERREZ and DOES 6 through 25 illegally, wrongfully handcuffed, detained and arrested Plaintiffs J.N.G. and J.H. and their friends as though they had committed a crime.

31. While Plaintiff J.N.G was profusely bleeding from the gunshot wound to his back, Defendant GUTIERREZ and DOES 6 through 25 placed him in handcuffs and forced him to sit on

6

**COMPLAINT FOR DAMAGES**

1 the curb without promptly providing him medical attention, knowing that he could not possibly be
2 a threat to them and that he could likely die from his injuries. After much delay, Plaintiff J.N.G.
3 was ultimately transported to the hospital by paramedics, handcuffed to a gurney despite knowing
4 his was not a threat to Defendants and DOES 6 through 50, and each of them, and that he had not
5 committed a crime, or was suspected of having committed a crime. While at the hospital,
6 Defendants, and each of them, wrongfully and unlawfully kept Plaintiff J.N.G. handcuffed to a
7 gurney.

8     32. While Plaintiff J.N.G. lay bleeding and handcuffed to a gurney in the Emergency Room,
9 Defendants, and each of them, interrogated Plaintiff J.N.G. as a criminal suspect, without
10 reasonable cause, or reading him his Miranda rights in violation of California Welfare and
11 Institutions Code §§ 625 and 627(b).

12     33. While Plaintiff J.N.G remained in custody at the hospital without cause, Defendants, and
13 each of them, refused to allow Plaintiff J.N.G. to call his mother Plaintiff NICHOLSON, nor
14 called her themselves to advise her of Plaintiff J.N.G's whereabouts and that he had been shot.

15     34. Plaintiff NICHOLSON had been advised by school principals that her son Plaintiff
16 J.N.G. had not arrived at school the morning of February 10, 2015. Upon information and belief,
17 the Luskin Academy school officials were not made aware of Plaintiff J.N.G.'s whereabouts in
18 that Defendants, and each of them, had intentionally, knowingly and falsely stated to them that
19 Plaintiff J.N.G. was not involved in the shooting when asked by said school officials.

20     35. Plaintiff NICHOLSON did not learn of her son's whereabouts until later the afternoon of
21 February 10, 2015 when her daughter told her that Plaintiff J.N.G. had been shot and was in the
22 emergency room of California Medical Center.

23     36. When unlawfully and illegally detaining and arresting Plaintiff J.H., without probable
24 cause, Defendant GUTIERREZ and DOES 6 through 25 violently kicked and stomped Plaintiff
25 J.H.'s neck and back, causing severe and permanent injuries to those areas of his body.

26     37. After unlawfully and illegally detaining and arresting Plaintiff J.H., Defendant
27 GUTIERREZ and DOES 6 through 50, and each of them, transported him to L.A.P.D.'s 77th
28 Precinct Police Station where they continued to detain him without probable cause for several

**COMPLAINT FOR DAMAGES**

1    hours. During this several hour period he remained handcuffed, locked in a cell without food or
2    water. Without probable cause and in violation of his constitutional rights and California Welfare
3    and Institutions Code §§ 625 and 627(b), Defendants, and each of them, interrogated Plaintiff J.H.,
4    without reading him his Miranda rights, as though he was a suspect in a criminal investigation.
5    Defendants, and each of them, refused to allow Plaintiff J.H. to call his mother or father, nor called
6    them themselves to advise her of Plaintiff J.H's whereabouts and that he had been arrested.

7

8                          **FIRST CAUSE OF ACTION**

9              **Civil Rights Violations (42 U.S.C. § 1983)**

10      **(Plaintiffs J.N.G., NICHOLSON and J.H. against all Defendants)**

11    38. Plaintiffs repeat and re-allege each and every allegation.in paragraphs 1 through 37 of
12    this Complaint with the same force and effect as if fully set forth herein.

13    39. This cause of action is designed to redress the deprivation, under color of law, ordinance,
14    regulation, policy, custom, practice or usage of a right, privilege, and immunity guaranteed by the
15    First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, to be free from
16    unreasonable searches, seizures, and uses of force by police officers acting under the color of law.
17    As described herein above, Defendants, and each of them, acting by way of the color of authority
18    of the CITY and L.A.P.D., the Defendants, and each of them, violated Plaintiffs' J.N.G. and J.H.
19    4th Amendment rights by unlawfully and unreasonably using excessive force in shooting Plaintiff
20    J.N.G. and shooting at Plaintiff J.H. on February 10, 2015, with the intent to kill both of them
21    without any cause or legal justification, and by unlawfully and unreasonably detaining,
22    handcuffing and arresting them without reasonable suspicious or probable cause.

23    40. Neither Plaintiff J.N.G., nor Plaintiff J.H. consented to this use of deadly force against
24    them. Nor did they do anything to justify being shot and shot at by Defendants, and each of them.
25    They had committed no felony crime or serious offense, and had not posed any reasonable threat
26    of death or serious bodily injury to Defendants, the involved law enforcement officers, or any
27    other person so as to justify this use of deadly force against them.

28

41.   Upon information and belief, Plaintiffs allege that after Plaintiffs J.N.G. and J.H. were shot and shot at, Defendants, and each of them, willfully and intentionally undertook to protect their fellow Defendant police officers involved in the incident from civil and criminal liability for their misconduct by covering up the true facts of their interaction with them, as well as the true facts leading up to the actual shooting in violation of each of their constitutional rights. These facts include but are not limited to: (a) the preparation or approval of false reports concerning the incident; (b) the giving of false statements to others investigating the incident; (c) intentionally and willfully refraining from collecting or recording other evidence, including statements from witnesses in the vicinity of the incident; (d) having news conferences where false statements were made regarding the reason for the use of deadly force; and (e) making false statements to the effect that the officers were trying to protect Plaintiff J.H., a Hispanic, from Plaintiff J.N.G. and the two other boys who were African Americans.

42.   The facts alleged above are part of the customs, practices, policies, and decisions of the CITY, including but not limited to the following:

(a)   Covering up the criminal and/or wrongful activities of fellow law enforcement officers, by false reporting, false investigating, perjury, dishonesty, and engaging in the "code of silence" in violation of the rights and privileges of Plaintiffs and other citizens subjected to the use of unreasonable force and unreasonable seizures of their person;

(b)   Inadequately and/or fraudulently investigating allegations of misconduct by fellow law enforcement officers, including the use of force, in order to cover-up  and protect fellow officers from disciplinary, criminal and civil actions in violations of Plaintiffs' rights and privileges;

(c)   Refusing to supervise, reprimand and/or discipline law enforcement officers who engage in misconduct, contrary to the laws, rules and regulations of the CITY and L.A.P.D., thus condoning the use of force by its officers and agents;

(d)   Tacitly approving law enforcement officers using their power and position to interfere with the Plaintiffs' and other citizens' rights, including the right to be free in their bodily integrity and security in their person.

9
**COMPLAINT FOR DAMAGES**

43. The above acts or omissions the Defendants, and each of them, were undertaken while under the color of state law, and resulted in the violation of Plaintiffs' constitutional rights, as stated here. Likewise, the customs, practices, policies, and decisions of the CITY alleged herein and as applied to the Plaintiffs under these facts, has resulted in a violation of their constitutional rights.

44. The Plaintiffs have a liberty interest to be free from the use of excessive force against them. These rights and privileges were secured to him by the provisions of the First and Fourth Amendments and the due process clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the Defendants, and each of them, wrongful misconduct which legally caused the Plaintiffs' damages, injuries and harms.

45. Defendants, and each of them, acted outside the scope of their jurisdiction and without legal justification. Each of the Defendants, separately and in concert with each other, acted willfully, intentionally, knowingly, and/or with reckless disregard, malice and callous indifference to deprive the Plaintiffs of their rights and privilege, and in fact violate these rights and privileges.

46. The above-described acts committed by the Defendants, and each of them, were carried out with a conscious disregard of Plaintiff J.N.G.'s safety. Defendants, and each of them, wrongly perceived that Plaintiff J.N.G. was creating a deadly threat solely because he was an African American, and such racial animus reflects that the use of deadly force against him was done with a deliberate indifference to Plaintiff J.N.G.'s rights.

47. By reason of the aforementioned policies and practices Defendants BECK, SMITH, CITY and DOES 1 through 5, Plaintiffs were severely injured and subjected to pain and suffering.

48. Defendants BECK, SMITH, CITY and DOES 1 through 5, together with various other officials, whether named or unnamed had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable

10
**COMPLAINT FOR DAMAGES**

1  effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and
2  other individuals similarly situated.

3      49.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other
4  wrongful acts, Defendants BECK, SMITH, CITY and DOES 1 through 5, acted with intentional,
5  reckless and callous disregard for the life of Plaintiffs and Plaintiffs' constitutional rights. As to
6  Defendants DOES 6-50, each of their actions was willful, wanton, oppressive, malicious,
7  fraudulent and extremely offensive and unconscionable to any person of normal sensibilities.

8      50.  Furthermore, the policies, practices, and customs implemented and maintained and still
9  tolerated by Defendants BECK, SMITH, CITY and DOES 1 through 5, were affirmatively linked
10 to and were a significantly influential force behind the injuries of Plaintiffs.

11     51.  As a direct and legal result of these acts, omissions, customs, practices, policies and
12 decisions of the Defendants, the Plaintiffs' civil rights were violated when they were shot and shot
13 at by the Defendants, and each of them.

14     52.  As a direct and proximate result of the aforementioned acts of said Defendants, and each
15 of them, Plaintiffs suffered the violations of their constitutional rights described above. Plaintiff
16 J.N.G. has sustained severe and permanent physical injuries as a result of being shot in back,
17 emotional and psychological injuries, which have caused him to seek the care of hospitals,
18 physicians and surgeons and other professional medical personnel. Plaintiff J.H. has sustained
19 severe and permanent physical injuries to his back, hands and other parts of his body as a result of
20 being kicked, stomped and handcuffed by the Defendants in those body areas, emotional and
21 psychological injuries, which have caused him to seek the care of hospitals, physicians and
22 surgeons and other professional medical personnel. Plaintiff NICHOLSON has also suffered
23 extreme emotional distress. The amount of damages suffered by the Plaintiffs will be subject to
24 proof at the time of trial and exceeds the jurisdictional amount of this court.

25     53.  The aforementioned acts of the individual Defendants, and each of them, were willful,
26 wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive
27 damages as to said individual Defendants.

28

54.     The Plaintiffs are entitled to and demand trial costs, attorney fees, and litigation expenses incurred in the prosecution of this action, all in an amount to be determined according to proof at trial pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Excessive Force (42 U.S.C. § 1983)

### (Plaintiffs J.N.G. and J.H. against all Defendants and DOES 1-50, Inclusive)

55.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States Constitution.

57.     On, before and after February 10, 2015, Plaintiff J.N.G. and J.H. possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures in the form of excessive force by police officers acting under color of law.

58.     At the time Defendants GUTIERREZ and DOES 6 through 25, fired their weapons at Plaintiffs J.N.G. and J.H., as alleged herein, Plaintiffs had not assaulted any Defendant, had committed no crime and were not suspects of any criminal activity whatsoever; they were unarmed, compliant, and helpless, and the attack upon Plaintiffs J.N.G. and J.H. was unjustified and unreasonable under the circumstances and constituted an excessive use of force. The attach violated Plaintiffs' rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendment of the United States Constitution.

59.     Defendants GUTIERREZ and DOES 6 through 25 subjected Plaintiffs J.N.G. and J.H. to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of Plaintiffs' rights under the U.S. Constitution.

60.     Defendants GUTIERREZ and DOES 6 through 25 acted at all times herein knowing full well that the established practices customs, procedures, and policies of the CITY would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the

12

Constitution of the United States and would permit Defendants to justify the assault on Plaintiffs J.N.G. and J.H. by falsely reporting that any injuries to Plaintiffs were caused by Plaintiffs resisting arrest, obstructing a police officer or by Plaintiffs' own misconduct. Said false reporting and ratification of Defendants GUTIERREZ and DOES 6 through 25's misconduct was made with the intent to ensure that people like Plaintiffs J.N.G. and J.H. would be dissuaded from petitioning their grievances against the CITY for such misconduct so that Defendants could continue to subject its citizens to continued violations of their Constitutional rights and civil liberties.

61. As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, Plaintiffs suffered the violations of their constitutional rights described above. Plaintiff J.N.G. has sustained severe and permanent physical injuries as a result of being shot in back, emotional and psychological injuries, which have caused him to seek the care of hospitals, physicians and surgeons and other professional medical personnel. Plaintiff J.H. has sustained severe and permanent physical injuries to his back, hands and other parts of his body as a result of being kicked, stomped and handcuffed by the Defendants in those body areas, emotional and psychological injuries, which have caused him to seek the care of hospitals, physicians and surgeons and other professional medical personnel. The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

62. The conduct of Defendants GUTIERREZ and DOES 6 through 25 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of J.N.G. and J.H. and therefore warrants the imposition of exemplary and punitive damages as to Defendants GUTIERREZ and DOES 6 through 25.

63. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

//

/

1

**THIRD CAUSE OF ACTION**

2

**Substantive Due Process (42 U.S.C. § 1983)**

3

**(Plaintiffs J.N.G., NICHOLSON, and J.H. against all Defendants)**

4    64.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of

5    this Complaint with the same force and effect as if fully set forth herein.

6    65.    Plaintiffs J.N.G., NICHOLSON, and J.H. had a cognizable interest under the Due Process

7    Clause of the Fourteenth Amendment of the United States Constitution to be free from state

8    actions that deprive them from life, liberty, or property in such a manner as to shock the

9    conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial

10   relationships.

11   66.    As a result of the unlawful shooting, stomping, excessive force and interrogation by

12   Defendants, Plaintiffs were thereby deprived of their constitutional right to their respective

13   familial relationships with each other.  The aforementioned actions of Defendants, along with

14   other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference

15   to the constitutional rights of Plaintiffs with purpose to harm without any legitimate law

16   enforcement objective.

17   67.    Defendants, acting under the color of state law, thus violated the Fourteenth Amendment

18   rights of Plaintiffs.

19   68.    As a direct and proximate cause of the acts of Defendants DOES 1 through 50, Plaintiffs

20   suffered severe pain and suffering. Plaintiffs suffered extreme and severe mental anguish and pain,

21   and have been injured in mind and body. The amount of damages suffered by the Plaintiffs will be

22   subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

23   69.    Defendants are liable for Plaintiffs' injuries, either because they were integral participants

24   in the denial of due process, or because they failed to intervene to prevent these violations.

25   70.    The conduct of Defendants DOES 1 through 50 was willful, wanton, malicious and done

26   with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition

27   of damages, including exemplary and punitive damages, as to Defendants DOES 1 through 50.

28   71.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

14

**COMPLAINT FOR DAMAGES**

**FOURTH CAUSE OF ACTION**

**Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)**

**(Plaintiffs J.N.G. and J.H. against all Defendants)**

72. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. At all relevant times, hereto Plaintiffs J.N.G. and J.H. possessed the right, guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable searches, seizures, and uses of force by police officers acting under color of law.

74. As described herein above, Defendants acting by way of the color of authority of CITY, the Defendants, and each of them, violated Plaintiff J.N.G. and J.H.'s Fourth Amendment rights by unlawfully and unreasonably using excessive force in shooting, detaining, handcuffing, and arresting Plaintiffs without reasonable suspicion or probable cause.

75. In performing the aforementioned acts, said Defendants, and each of them, acted specifically with the intent to deprive Plaintiffs J.N.G. and J.H. of their constitutional rights under the Fourth Amendment to be free from unreasonable seizures, rights of which as police officers, they were fully aware.

76. Said Defendants subjected Plaintiffs to the aforementioned deprivations with either actual malice, deliberate indifference or a reckless disregard of their rights under the United States Constitution.

77. As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, Plaintiffs suffered the violations of their constitutional rights described above. Plaintiff J.N.G. has sustained severe and permanent physical injuries as a result of being shot in back and thereafter handcuffed, emotional and psychological injuries, which have caused him to seek the care of hospitals, physicians and surgeons and other professional medical personnel. Plaintiff J.H. has sustained severe and permanent physical injuries to his back, hands and other parts of his body as a result of being kicked, stomped and handcuffed by the Defendants in those body areas,

15

**COMPLAINT FOR DAMAGES**

1 emotional and psychological injuries, which have caused him to seek the care of hospitals,
2 physicians and surgeons and other professional medical personnel. The amount of damages
3 suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional
4 amount of this court.

5     78. As a result of the conduct of Defendants GUTIERREZ, BECK, SMITH, and DOES 1-50,
6 they are liable to J.N.G. and J.H.'s injuries, either because they were integral participants in the
7 wrongful detention and arrest, or because they failed to intervene to prevent violations.

8     79. The aforementioned acts of said individual Defendants was willful, wanton, malicious,
9 oppressive and done with reckless disregard for the rights and safety of J.N.G. and J.H. and
10 thereby justifying the imposition of exemplary and punitive damages as to said individual
11 Defendants.

12     80. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

13

14                             **FIFTH CAUSE OF ACTION**

15                 **Intentional Infliction of Emotional Distress**

16       **(Cal. Govt. Code §§ 815.2 and 820 and California Common Law)**

17     **(Plaintiff J.N.G., NICHOLSON, and J.H. against all Defendants)**

18     81. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 80, as though fully
19 set forth herein.

20     82. Defendants' conduct in unlawfully and unjustifiably shooting Plaintiff J.N.G. and
21 shooting at Plaintiff J.H, and subsequently arresting them both with no probable cause to believe
22 they had committed any crime was outrageous and exceeded the bounds of conduct usually
23 tolerated by society. Moreover, Defendants believed, knew and understood, and were aware of
24 facts and circumstances that would have caused a reasonably well trained police officer to believe,
25 know and understand that Plaintiff NICHOLSON was susceptible to suffering severe emotional
26 distress due to Defendants' outrageous and unlawful actions taken and committed against Plaintiff
27 NICHOLSON and her son, J.N.G. as described above. Defendants' actions as to Plaintiff
28 NICHOLSON were also outrageous and not the type of conduct condoned in a civilized society.

1     83. Defendant CITY is liable under the principals of respondeat superior for the

2 aforementioned acts of Defendants pursuant to California Government Code § 815.2.

3     84. Defendants, in engaging in the aforementioned conduct, intended to cause Plaintiffs

4 emotional distress and/or acted with reckless disregard of the probability that Plaintiffs would

5 suffer emotional distress, knowing that Plaintiffs would suffer permanent physical and emotional

6 injuries as a result of their actions.

7     85. Defendants' conduct was a substantial factor in causing Plaintiffs to suffer from severe

8 physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation, and

9 psychological disturbance. Plaintiffs have suffered special and general damages as a result of the

10 physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation and

11 psychological disturbance in an amount according to proof at trial, and exceeds the jurisdictional

12 amount of this court.

13     86. The individual Defendants' aforementioned actions were willful, intentional, wanton,

14 reckless, and in conscious disregard for Plaintiffs' rights, warranting the award of exemplary and

15 punitive damages as to said individual Defendants.

16

17                       **SIXTH CAUSE OF ACTION**

18 **False Arrest/False Imprisonment (Cal. Govt. Code § 815.2 and California Common Law)**

19 **(Plaintiffs J.N.G. and J.H. against Defendants GUTIERREZ, DOES 6-50 and CITY)**

20     87. Plaintiffs J.N.G. and J.H. re-allege and incorporate herein by reference each and every

21 allegation contained in paragraphs 1 through 86, above.

22     88. Defendants GUTIERREZ and DOES 6 through 50, while working as Police Officers for

23 the CITY, and acting within the course and scope of their duties, intentionally deprived Plaintiffs

24 J.N.G. and J.H. of their freedom of movement by use of force, threats of force, menace, fraud,

25 deceit, and unreasonable duress. Defendants GUTIERREZ and DOES 6 through 50 also detained

26 Plaintiffs J.N.G. and J.H. without reasonable suspicion. The involved officers also arrested

27 Plaintiffs J.N.G. and J.H. without probable cause.

28     89. Plaintiffs J.N.G. and J.H. did not knowingly or voluntarily consent.

90. The conduct of Defendants GUTIERREZ and DOES 6 through 50 was a substantial factor in causing the harm of Plaintiffs J.N.G. and J.H., including but not limited to severe and extreme emotional suffering and humiliation, mental anguish and pain, physical discomfort, injury to health and other physical injury.

91. Defendant CITY is vicariously liable for the wrongful acts of Defendants GUTIERREZ and DOES 6 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92. As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, Plaintiffs J.N.G. and J.H. suffered harm, including but not limited to severe and extreme emotional suffering and humiliation, mental anguish and pain, physical discomfort, injury to health and other physical injury. The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

93. The conduct of Defendants GUTIERREZ and DOES 6 through 50 was malicious, wanton, oppressive and accomplished with conscious disregard for the rights of Plaintiffs J.N.G. and J.H., entitling Plaintiffs J.N.G. and J.H. to an award of damages, including exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION

**Assault and Battery (Cal. Govt. Code §§ 815.2 and 820 and California Common Law)**

**(Plaintiffs J.N.G. and J.H. against Defendants GUTIERREZ, DOES 6-25 and CITY)**

94. Plaintiffs hereby repeat, re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 93, above.

95. In unjustifiably shooting Plaintiff J.N.G. and shooting at Plaintiff J.H., Defendants GUTIERREZ and DOES 6 through 25, touched with the intent to harm or offend Plaintiffs, or touched Plaintiffs with a willful disregard to Plaintiffs' rights. Plaintiffs did not consent to this harmful and offensive touching. Defendant CITY is liable in respondeat superior for the

aforementioned acts of Defendants GUTIERREZ and DOES 6 through 25, pursuant to California Government Code § 815.2.

96.  As a direct and proximate result of the aforementioned acts of said Defendants, and each of them, Plaintiffs suffered harmful and offensive touching as described above. Plaintiff J.N.G. has sustained severe and permanent physical injuries as a result of being shot in back and thereafter handcuffed, emotional and psychological injuries, which have caused him to seek the care of hospitals, physicians and surgeons and other professional medical personnel. Plaintiff J.H. has sustained severe and permanent physical injuries to his back, hands and other parts of his body as a result of being kicked, stomped and handcuffed by the Defendants in those body areas, emotional and psychological injuries, which have caused him to seek the care of hospitals, physicians and surgeons and other professional medical personnel.  The amount of damages suffered by the Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this court.

97.  The conduct of Defendants GUTIERREZ and DOES 6 through 25 was malicious, wanton, oppressive and accomplished with a conscious disregard for the rights of Plaintiffs J.N.G. and J.H., entitling Plaintiffs J.N.G. and J.H. to an award of damages, including exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION

**Discrimination/Civil Rights Violations under the Ralph Civil Rights Act**

**(Cal. Civ. Code §§ 51.7 and 52)**

**(Plaintiffs J.N.G. and J.H. against all Defendants)**

98.  Plaintiffs hereby repeat, re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 97, above.

99.  As stated above, Plaintiffs are informed and believe that Plaintiff J.N.G. and J.H.'s race was a substantial factor leading the Defendants' decision to assault, batter, and shot at them. None of the Defendants who assaulted, battered and shot Plaintiff J.N.G. was African American. Additionally, the fact that Plaintiff J.H. was Mexican American was a substantial factor in the

19

1  Defendants to take the course of action which they did. Plaintiffs allege that given the identical
2  circumstances to which they were then presented, had Plaintiffs been the same race as the
3  Defendants police officers, they would not have perceived Plaintiffs' actions as a deadly threat,
4  justifying their use of deadly force against him.

5      100. In committing the acts of assault and battery as described above, each of the Defendants
6  police officers violated Plaintiffs J.N.G. and J.H.'s rights to be free from violence and threats of
7  violence because of their race, as guaranteed them by California Civil Code § 51.7.

8      101. As a direct and proximate result of the aforementioned acts of said Defendants, and each
9  of them, Plaintiffs suffered harmful and offensive touching as described above. Plaintiff J.N.G.
10 has sustained severe and permanent physical injuries as a result of being shot in back, emotional
11 and psychological injuries, which have caused him to seek the care of hospitals, physicians and
12 surgeons and other professional medical personnel. Plaintiff J.H. has sustained severe and
13 permanent physical injuries to his back, hands and other parts of his body as a result of being
14 kicked, stomped and handcuffed by the Defendants in those body areas, emotional and
15 psychological injuries, which have caused him to seek the care of hospitals, physicians and
16 surgeons and other professional medical personnel. The amount of damages suffered by the
17 Plaintiffs will be subject to proof at the time of trial and exceeds the jurisdictional amount of this
18 court.

19     102. The above-described acts committed by the Defendant police officers were carried out
20 with a conscious disregard for Plaintiffs J.N.G. and J.H.'s safety. In fact, the Defendant police
21 officers wrongly perceived that Plaintiffs were creating a deadly threat solely because of their
22 race, African and Mexican American. Accordingly, the Defendants' use of force under these
23 circumstances was excessive, unlawful, malicious, oppressive, and done with a deliberate
24 indifference to Plaintiffs' rights, justifying the imposition of punitive and exemplary damages
25 against the Defendant police officers pursuant to Civil Code § 52(b)(1).

26     103. In doing the acts alleged in this complaint, each of the Defendant police officers knew or
27 should have known that their actions were likely to injure Plaintiffs. Plaintiffs are informed and
28 believe, and on that basis allege, that each of the Defendants intended to cause Plaintiffs J.N.G.

1    and J.H. injury and acted with a willful and conscious disregard of their rights as secured by Civil
2    Code § 51.7. Plaintiffs had not displayed any reasonable act of deadly aggression or other serious
3    misconduct to justify the use of deadly force against him.

4    104. As a further legal result of this civil rights violation. Plaintiffs will seek the award of
5    reasonable attorney fees as provided for in Civil Code §§ 52.1(b) and 52.1(h), in an amount to be
6    determined according to proof at trial.

7

8                                    **NINTH CAUSE OF ACTION**

9    **Negligence (Cal. Govt. Code §§ 815.2 and 820 and California Common Law)**

10   **(Plaintiffs J.N.G., NICHOLSON, and J.H. against All Defendants)**

11   105. Except as to allegations of intentional conduct, Plaintiffs repeat, re-allege and incorporate
12   herein by reference each and every allegation contained in paragraphs 1 through 104, above.

13   106. On February 10, 2015, Defendants negligently, carelessly, and mistakenly investigated
14   Plaintiffs J.N.G. and J.H.'s presence at the location described above in Los Angeles County,
15   California. Each of these Defendants negligently concluded that Plaintiffs posed a threat of death
16   or serious bodily injury to Defendants, the involved law enforcement officers, or any other person,
17   resulting in Plaintiff J.N.G. being shot and Plaintiff J.H. being shot at.

18   107. As an alternative theory of recovery, each of the Defendants negligently shot, shot at,
19   detained, handcuffed, arrested and interrogated Plaintiffs J.N.G. and J.H.   Additionally, the
20   Defendants negligently failed to promptly notify Plaintiff NICHOLSON that her son, minor
21   J.N.G., had been shot and interrogated.

22   108. As a direct and proximate cause of the acts of Defendants, Plaintiffs suffered severe pain
23   and suffering. Plaintiffs suffered extreme and severe mental anguish and pain, and have been
24   injured in mind and body. The amount of damages suffered by the Plaintiffs will be subject to
25   proof at the time of trial and exceeds the jurisdictional amount of this court.

26   109. CITY is vicariously liable for the wrongful acts of Defendants GUTIERREZ, SMITH,
27   BECK and DOES 1 through 50 pursuant to section 815.2(a) of the California Government Code,

28

1   which provides that a public entity is liable for the injuries caused by its employees within the

2   scope of employment if the employee's actions would subject him or her to liability.

3

4                                **TENTH CAUSE OF ACTION**

5                    **Violation of Bane Act (Cal. Civil Code § 52.1)**

6      **(Plaintiffs J.N.G., NICHOLSON, and J.H. against All Defendants)**

7      110. Plaintiffs J.N.G., NICHOLSON, and J.H. re-allege and incorporate herein by reference

8   each and every allegation contained in paragraphs 1 through 109, above.

9      111. Defendants GUTIERREZ, BECK, SMITH and DOES 1 through 50, and each of them,

10   while working as police officers for the CITY and L.A.P.D., and acting within the course and

11   scope of their duties, interfered with or attempted to interfere with the rights of Plaintiffs J.N.G.,

12   NICHOLSON, and J.H. to be free from unreasonable searches and seizures, and to be free from

13   state actions that shock the conscience, by threatening or committing acts involving violence,

14   threats, coercion or intimidation.

15      112. Plaintiffs J.N.G., NICHOLSON, and J.H. reasonably believed that if they exercised their

16   constitutional rights, Defendants, and each of them, would commit acts involving violence,

17   threats, coercion or intimidation against them or their property.

18      113. Defendants GUTIERREZ, BECK, SMITH and DOES 1 through 50, and each of them,

19   injured J.N.G., NICHOLSON, and J.H. as aforementioned throughout this Complaint, to prevent

20   J.N.G., NICHOLSON, and J.H. from exercising their rights or retaliated against J.N.G. and J.H.

21   for having exercised their rights.

22      114. Plaintiffs J.N.G. and J.H. were caused to suffer severe physical injuries, severe pain and

23   suffering. Plaintiff J.N.G was ultimately hospitalized for his injuries. Plaintiffs J.N.G. and J.H.

24   each suffered severe mental anguish and pain and have been injured in mind and body. Plaintiff

25   NICHOLSON was forced to suffer severe emotional distress as result of the actions of

26   Defendants.

27

28

115. The conduct of Defendants GUTIERREZ, BECK, SMITH and DOES 1 through 50, and each of them, was a substantial factor in causing the harms, losses, injuries and damages of Plaintiffs J.N.G., NICHOLSON, and J.H.

116. CITY is vicariously liable for the wrongful acts of Defendants GUTIERREZ, BECK, SMITH and DOES 1 through 50 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's actions would subject him or her to liability.

117. The conduct of Defendants GUTIERREZ and DOES 6 through 50 was malicious, wanton, and oppressive and accomplished with a conscious disregard for the rights of Plaintiffs J.N.G., NICHOLSON, and J.H., entitling Plaintiffs J.N.G., NICHOLSON, and J.H. to an award of damages, including exemplary and punitive damages.

118. As a further legal result of this civil rights violation. Plaintiffs will seek the award of reasonable attorney fees as provided for in Civil Code §§ 52.1(b) and 52.1(h), in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against defendants, and each of them, and prays for the following relief:

1. For compensatory, general and special damages against each Defendant, jointly and severally, to the extent permitted by law, in an amount to be proven at trial;

2. For punitive and exemplary damages against each non-entity Defendant, as allowed by law, in an amount to be proven at trial as appropriate to punish Defendants and deter others from engaging in similar misconduct;

3. For interest;

4. For reasonable costs of the suit;

5. For reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 or as provided by law; and,

6. For such other relief as the Court deems just and proper.

23
**COMPLAINT FOR DAMAGES**

1

2

3

4

5  Respectfully submitted,

6

7  DATED:    September 25, 2015          HARRIS & ASSOCIATES

8

9                                        By:  _____
                                               JOHN W. HARRIS
10                                             HERBERT-JOHN HAYDEN
                                               Attorneys for Plaintiffs GERALDINE
11                                             NICHOLSON, an individual; J.N.G., a
                                               minor, by and through his Guardian Ad
12                                             Litem   GERALDINE   NICHOLSON;
                                               J.H., a minor, by and through his
13                                             Guardian Ad Litem JOSE FERNANDO
                                               HUERTA
14

15

16                           **JURY TRIAL DEMANDED**

17
    Plaintiffs hereby demand a trial by jury.
18

19  DATED:    September 25, 2015          HARRIS & ASSOCIATES
20

21
                                         By:  _____
22                                             JOHN W. HARRIS
                                               HERBERT-JOHN HAYDEN
23                                             Attorneys for Plaintiffs GERALDINE
                                               NICHOLSON, an individual; J.N.G., a
24                                             minor, by and through his Guardian Ad
                                               Litem   GERALDINE   NICHOLSON;
25                                             J.H., a minor, by and through his
                                               Guardian Ad Litem JOSE FERNANDO
26                                             HUERTA

27

28

                                        24
                            **COMPLAINT FOR DAMAGES**